## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

SHERRY BONNER, as Mother     )
and Legal Custodian of X.W., a    )
minor,                                )
                                  )
     Plaintiff,                 )
                                  )
v.                                     )
                                  )    **Case No. 2:23-CV-00558-KFP**
NANCY BUCKNER, in her official )
capacity as the Commissioner of   )
the Alabama Department of       )
Human Resources; CLEBURNE    )
COUNTY DEPARTMENT OF      )
HUMAN RESOURCES; MARSHA )
BUSBY, in her official capacity as   )
the Director of the Cleburne County)
Department of Human Resources;   )
ALABAMA DEPARTMENT OF     )
EDUCATION; STATE BOARD OF)
EDUCATION; ERIC MACKEY, in)
his official capacity as the State     )
Superintendent of the Alabama     )
State Department of Education,     )
                                  )
     Defendants.             )

## <u>DEFENDANT ERIC MACKEY'S MOTION TO DISMISS</u>
## <u>PLAINTIFF'S AMENDED COMPLAINT</u>

COMES NOW Alabama State Superintendent of Education Eric Mackey ("Defendant Mackey") in his official capacity, by and through the undersigned counsel, and hereby moves this Court to dismiss all claims against him. In support of this motion Defendant Mackey shows the following:

Plaintiff Sherry Bonner, as Mother and Legal Custodian of X.W., a minor, has brought this suit against Defendant Mackey in his official capacity and against other Defendants alleging that all Defendants violated Title II of the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. §§ 12131 *et seq*. However, Plaintiff fails to state any claim against Defendant Mackey upon which relief can be granted because Plaintiff failed to sufficiently plead that Defendant Mackey acted with deliberate indifference as required under Title II of the ADA, failed to sufficiently allege a failure to satisfy the integration mandate in the ADA, and failed to name the real party in interest. As a result, Defendant Mackey should be dismissed from this action and the entire case should be dismissed.

## Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, a court accepts the plaintiff's factual allegations as true. *Id.* at 678. "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). "[A]s early as possible," a district court should resolve "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to

state a claim for relief." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367, 1367 n.35 (11th Cir. 1997). Such disputes "always present[] a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367. Under Rule 12(b)(6), Fed. R. Civ. P., dismissal of the complaint for failure to state a cause of action is appropriate when no construction of the factual allegations of the complaint will support the cause of action. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. "'A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' (Quotation, citation, and alterations omitted). By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Staley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F. 3d 1229, 1233 (11th Cir. 2008).

**Factual Allegations**

Plaintiff alleges scant facts to support her claim. Sherry Bonner is the mother and legal custodian of X.W., a minor under the age of 19. (Doc. 19, ¶ 10). X.W. is a person with a disability within the meaning of Title II of the ADA. (Doc. 19, ¶ 48). After reaching the sixth grade, X.W. was placed at different times in different facilities, including SafetyNet and Sequel Tuskegee, in and around August or September 2018 and was there for "months." (Doc. 19, ¶ 12, 16, 33). X.W. was in the custody of DHR at the time of their placement. (Doc. 19, ¶ 14). Before being placed in the various facilities, X.W. received primarily average grades and was never held back while in the general education system. (Doc. 19, ¶ 35). Plaintiff is unaware of any screening or process ALSDE or DHR performed to determine the greatest point of educational integration available to X.W. (Doc. 19, ¶ 36). While at the various facilities, X.W. did not have the opportunity to interact with non-disabled peers outside of the facilities because they were confined there. (Doc. 19, ¶ 38). X.W. left the various facilities behind where X.W. otherwise would have been educationally. (Doc. 19, ¶ 43). X.W. generally "suffered" or witnessed others "suffering" due to the non-specific use of restraint and seclusion methods for controlling student behavior. (Doc. 19, ¶ 44). X.W. has allegedly been unable to increase their educational and technical abilities that would allow them to progress in their education. (Doc. 19, ¶ 45). Defendant Mackey is State Superintendent of

4

Education for the State of Alabama and oversees the Alabama State Department of Education ("ALSDE"), a public entity subject to Title II of the ADA. (Doc. 19. ¶ 47).

Although the Plaintiff's Amended Complaint references and attaches a preliminary report by the Department of Justice ("Report"), the Report itself offers no legal conclusions, but merely generalized allegations. In fact, the Amended Complaint does not specifically claim that the Plaintiff attended any of the facilities DOJ reviewed or named in its preliminary report because Plaintiff does not specify which SafetyNet facility X.W. attended, (Plaintiff's Exhibit A, p. 9, fn 20). The only facilities named in the DOJ report were Brewer-Porch Children's Center in Tuscaloosa; Safety Net in Montgomery; Sequel Montgomery; Pathway, Inc., in New Brockton; and Mountain View Hospital in Gadsden. *Id.* Moreover, DOJ noted specifically, "[w]e would like to acknowledge the assistance and cooperation of the State's counsel and officials throughout our investigation. We hope to continue our collaborative and productive relationship…" (Plaintiff's Exhibit A, p. 2, ¶3).

## Argument

Plaintiff argues that Defendant Mackey violated X.W.'s rights under Title II of the ADA and that as a result, she is entitled to damages. Plaintiff's Amended Complaint should be dismissed because Plaintiff fails to state a claim against Defendant Mackey under which relief can be granted, as the Plaintiff failed to

sufficiently state a claim for damages under Title II of the ADA, did not sufficiently allege a failure to satisfy the integration mandate in the ADA, and failed to get permission to proceed anonymously before filing her Complaint and Amended Complaint.

**A. Plaintiff's Amended Complaint fails to sufficiently plead facts supporting a claim of deliberate indifference under Title II of the ADA and therefore it is due to be dismissed because it fails to state a claim upon which relief can be granted.**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests the sufficiency of the complaint against the legal standard set forth in Rule 8: 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wilborn v. Jones*, 761 F. App'x 908, 910 (11th Cir. 2019) (*per curiam*) (quoting Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)):

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id*. (internal citations omitted). To state a claim under Title II, a plaintiff must establish "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

"In the ordinary course, proof of a Title II [] violation entitles a plaintiff only to injunctive relief." *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 831 (11th Cir. 2017).  To be entitled to damages for an ADA violation, as Plaintiff seeks here, a plaintiff must clear a substantial additional hurdle: he/she must prove that the individuals being sued engaged in intentional discrimination, which requires a showing of "deliberate indifference." *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 348 (11th Cir. 2012). "Deliberate indifference is an exacting standard." *J.S. v. Houston Cnty. Bd. of Educ.*, 877 F.3d 979, 987 (11th Cir. 2017). It requires proof that "the defendant knew that harm to a federally protected right was substantially likely and ... failed to act on that likelihood." *Liese*, 701 F.3d at 344 (citation omitted).

Moreover, such claims are typically asserted against a government entity rather than against its associated individual officers. Although precedent exists for

recognizing a high-ranking officer as equivalent to the entity in order to proceed with an ADA claim for damages, in order to hold a government *entity* liable, the plaintiff must demonstrate that an "official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [entity's] behalf" had "*actual knowledge* of discrimination in the [entity's] programs and fail[ed] adequately to respond." *Id.* at 349 (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)) (emphasis added). To qualify, that "official" must be "high enough up the chain-of-command that his [or her] acts constitute an official decision by the [entity] not to remedy the misconduct." *J.S.*, 877 F.3d at 987 (internal quotation marks omitted). *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019). While Defendant Mackey likely satisfies the high-ranking official standard, Plaintiff cannot demonstrate and has not alleged that Defendant Mackey had actual knowledge of the alleged discrimination and failed to act, as required by law.

Here, the Amended Complaint is devoid of any factual allegation at all that Defendant Mackey had "actual knowledge of discrimination in [the various facilities'] programs and fail[ed] adequately to respond." *Liese* at 349. Plaintiff accuses Defendant Mackey of exhibiting "bad faith and/or gross misjudgment" and acting "with deliberate indifference" but legal conclusions disguised as factual allegations do not satisfy *Iqbal*. Plaintiff fails to plead actual *facts* to support the

naked legal conclusions. Plaintiff also pointed to the Report as evidence of Defendant Mackey's actions in this case, yet nothing in the Report mentions X.W. specifically, and the Amended Complaint fails to provide enough specific facts to make even a tenuous connection. Though Plaintiff adopted and incorporated the Report into her Amended Complaint, the factual findings in the Report do not relate directly to X.W. and cannot form the factual basis for the Amended Complaint. Additionally, the Report itself praises the State's attorneys for their work with DOJ. Regarding X.W. specifically, Plaintiff's Amended Complaint lacks sufficient factual matter to make out a claim for relief as required by *Iqbal.*

Plaintiff gives no significant detail about the dates or conditions under which X.W. attended the various facilities and merely makes factually baseless and conclusory statements about how the educational services provided at the various facilities were not appropriate. Plaintiff only alleges that X.W. could have been served in a general education setting without accompanying facts to demonstrate how Defendant Mackey failed to act as required by law. Moreover, Plaintiff alleges in the Amended Complaint that X.W. attended two different facilities but does not differentiate between them and at times appears to conflate them. Additionally, Plaintiff's allegation that X.W. "has been unable to increase their educational and technical abilities that would allow them to progress in their education and later become a functioning and able member of society" is factually vague at best. The

allegation that X.W. "suffered or witnessed others suffering, due to the inappropriate use of restraint and seclusion methods for controlling student behavior" is also insufficiently particularized as to even describe what may have allegedly occurred because it does not say whether X.W. themselves actually experienced either restraint or seclusion, when or where it happened, or whether it happened during or after the educational setting.

In fact, there is absolutely no factual mention in the Amended Complaint that Defendant Mackey had any actual knowledge whatsoever of X.W.'s specific situation, so it is impossible for Defendant Mackey to have been deliberately indifferent to it. Plaintiff's Amended Complaint points out that Defendant Mackey only exercises *general* control and supervision over the public schools of the state (emphasis added). Defendant Mackey does not directly supervise direct education services provided to public school students. This is the required pleading standard to receive damages under Title II of the ADA. Because Plaintiff cannot rely on unrelated findings in the Report to form the basis of her Amended Complaint, the remainder of Plaintiff's specific claims about X.W. are woefully insufficient to satisfy Rule 12(b)(6). Consequently, Plaintiff fails to meet her burden of showing deliberate indifference sufficient to proceed on an ADA claim for damages. As such, Plaintiff's claim against Defendant Mackey should be dismissed because Plaintiff fails to state a claim upon which relief can be granted.

**B. Assuming for the sake of argument that the Plaintiff's Amended Complaint is not dismissed for the above reasons, it should still be dismissed because it fails to sufficiently allege a failure to satisfy the integration mandate in the ADA.**

Plaintiff's Amended Complaint seeks only damages under the ADA, rather than any type of compensatory education services pursuant to the Individuals with Disabilities Education Act (IDEA). By seeking only this narrow relief, the Amended Complaint attempts to avoid a Motion to Dismiss that is based on the argument that the Plaintiff failed to exhaust her administrative remedies by first filing a due process claim pursuant to the IDEA. C.f. *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 150 (2023) (holding that an exhaustion of administrative remedies is not required when the remedy, such as damages, is not one available under the IDEA).

In this case, the Plaintiff has pursued an exclusively damages-oriented remedy under Title II of the ADA, and so Plaintiff must also adequately plead an ADA claim. The Plaintiff alleges that X.W. was not placed in the most integrated setting, pursuant to a requirement under 28 C.F.R. § 35.130(d), which is part of the ADA's implementing regulations. But this is insufficient for the Plaintiff to make a legal conclusion without alleging facts to support it. More specifically, this issue was addressed in *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999). That case explained that there is a three-part test a party must satisfy for such a lack of community integration under the ADA:

> "[1] the State's treatment professionals have determined that community placement is appropriate, [2] the transfer from institutional care to a less restrictive setting is not opposed by the affected individual, and [3] the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities."

*Id*. at 587 (brackets added).  In Plaintiff's case, she fails to allege that any treatment professionals determined that a more integrated setting was appropriate or that the placement could have been reasonably accommodated given the resources available to the State and the needs of others with mental disabilities.  Because Plaintiff fails to adequately plead this theory of relief, this case must be dismissed.

## C. The Amended Complaint should be dismissed because the Plaintiff has not named the real party in interest.

The Amended Complaint must be dismissed because the Plaintiff fails to properly identify the minor identified as X.W. Rule 10(a) Fed. R. Civ. P. expressly requires plaintiffs to fully identify all parties in the pleadings:

> "Every pleading must have a caption with the court's name, a title, a file number, and Rule 7(a) designation. The title of the Complaint must name *all the parties;* the title of other pleadings, after naming the first party on each side, may refer generally to other parties."

 (emphasis added). Rule 10(a) serves more than administrative convenience; it fulfills the public's legitimate interest in knowing all the facts involved, including the identities of the parties. See *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992).

12

In this case, the Plaintiff is "Sherry Bonner, as Mother and Next Friend of X.W…" (Doc. 19, p. 1). Only the minor is alleged to have suffered injury. The Plaintiff did not seek permission to proceed anonymously before filing her initial Complaint or the Amended Complaint. Although certain circumstances may exist in some cases that might allow a plaintiff to proceed anonymously, a plaintiff may do so only *after* receiving the court's permission.  Such a request must be made either before, or contemporaneously with, the filing of the complaint. See *Est. of Rodriquez v. Drummond Co.*, 256 F. Supp. 2d 1250 (N.D. Ala. 2003) (dismissing the claims of unnamed plaintiffs who failed to seek court permission to proceed anonymously before filing anonymously); see also *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-637 (6th Cir. 2005)(affirming the dismissal of a plaintiff's case when he attempted to proceed anonymously but did not file a motion seeking permission to do so).

Like the plaintiff in *Citizens for a Strong Ohio*, the Plaintiff in this case did not request permission to proceed anonymously.  All anonymous pleadings filed prior to a court granting permission to proceed anonymously are in essence a nullity, and therefore *void ab initio*; it is the grant of permission that gives the court jurisdiction to consider the pleadings filed under a pseudonym. *Rodriquez* at 1250. A court can raise this jurisdictional issue *sua sponte*, because "[a]bsent permission by the district court to proceed anonymously, and under such other conditions as

13

the court may impose (such as requiring disclosure of their true identity under seal), the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (dismissing the unnamed plaintiffs from the case because of the lack of jurisdiction) (additional citations omitted).

"Generally, parties to a lawsuit must identify themselves in their respective pleadings." *Doe at* 322 (citing in part Fed. R. Civ. P., Rule 10). In denying a plaintiff's request to proceed anonymously, the 11th Circuit noted that:

"[a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough."

*Id.* at 57.

The allegations in this case are that the minor Plaintiff identified as X.W. was denied educational services and opportunities. There are no allegations of physical or sexual abuse or similar misconduct that could warrant anonymous proceedings. The Plaintiff should have at least offered reasons justifying anonymity. The mere allegation that the Plaintiff is a minor should not suffice.

There are practical considerations as well. Because the Plaintiff identifies the minor only as X.W., it would be difficult for Defendant Mackey to defend against

14

this action without having additional, sufficient details about the minor to know who he or she is.  Plus, it would be more difficult to assert the defenses of *res judicata* and collateral estoppel if Plaintiff is allowed to proceed anonymously. Additionally, the Plaintiff seeks damages, yet Defendant Mackey could not pay an anonymous or partly anonymous party.

Finally, the Plaintiff's error cannot be cured by now filing a belated motion to proceed anonymously. In *Rodriquez*, plaintiffs filed an amended complaint with some parties using pseudonyms; the defendant filed a motion to dismiss, and the plaintiffs then filed a subsequent motion to proceed anonymously. *Rodriquez* at 1254. The Court held that it did not have jurisdiction over the anonymous plaintiffs because they used pseudonyms without first obtaining court permission. *Id*. at 1255-56. Importantly, the Court held that this procedural defect could not be cured by an order granting permission to proceed anonymously *nunc pro tunc*, as the defect was jurisdictional and could not be cured after the fact. *Id*.; see also *Y.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (finding that entry of a later order granting permission to file under a pseudonym could not remedy the initial failure to secure permission at filing); and *Citizens for a Strong Ohio* at 636-7 (affirming the dismissal of a plaintiff's case when he attempted to proceed anonymously but did not file a motion for permission to do so). Therefore, the Plaintiff's case must be dismissed.

**Conclusion**

For the reasons stated above, the Court should dismiss the claim asserted against Defendant Mackey and dismiss Plaintiff's suit in its entirety.

Respectfully submitted,

s/ J. Jason Swann
J. Jason Swann (ASB-6642N68S)
Sara M. (Peggy) Rossmanith (ASB-2122-K51J)
James R. Ward III (ASB-9170-S61W)
***Counsel for Defendant Eric Mackey***
Office of General Counsel
Alabama State Department of Education
5103 Gordon Persons Bldg.
50 North Ripley Street
Montgomery, AL 36130-0001
Phone: (334) 694-4699
Fax: (334) 694-4966
Email: jswann@alsde.edu
Email: peggy.rossmanith@alsde.edu
Email: jward01@alsde.edu

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December 2023, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all parties of record.

s/ J. Jason Swann
***Counsel for Defendant Eric Mackey***

16